APPEAL,JURY,TYPE−E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:17−cv−02526−TSC</u>
### *Internal Use Only*

| | |
|---|---|
| KINI v. TATA CONSULTANCY SERVICES, LTD | Date Filed: 11/22/2017 |
| Assigned to: Judge Tanya S. Chutkan | Jury Demand: Defendant |
| Cause: 31:3730 Qui Tam False Claims Act | Nature of Suit: 375 False Claims Act |
| | Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

**ANIL KINI**                    represented by    **Daniel L. Low**
*United States of America ex rel*                 KOTCHEN & LOW LLP
                                                  1745 Kalorama Road, NW
                                                  Suite 101
                                                  Washington, DC 20009
                                                  (202) 471−1995
                                                  Fax: (202) 280−1128
                                                  Email: <u>dlow@kotchen.com</u>
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**TATA CONSULTANCY SERVICES,**    represented by    **Jessica A. Lutkenhaus**
**LTD**                                            DEPARTMENT OF DEFENSE
                                                  1600 Defense Pentagon
                                                  Washington, DC 20301
                                                  703−693−9894
                                                  Email: <u>jalutkenhaus@gmail.com</u>
                                                  *TERMINATED: 02/02/2024*
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Lauren Nicole Moore**
                                                  WILMER CUTLER PICKERING HALE
                                                  AND DORR LLP
                                                  2100 Pennsylvania Avenue, NW
                                                  Washington, DC 20037
                                                  202−663−6160
                                                  Email: <u>lauren.moore@wilmerhale.com</u>
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Howard M. Shapiro**
                                                  WILMER CUTLER PICKERING HALE
                                                  AND DORR LLP

1

2100 Pennsylvania Avenue NW
Washington, DC 20037
202–663–6606
Email: howard.shapiro@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**Stephen A. Jonas**
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
617–526–6144
Email: stephen.jonas@wilmerhale.com
*TERMINATED: 02/13/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

**UNITED STATES OF AMERICA**                    represented by    **Benton Gregory Peterson**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252–2534
Fax: (202) 252–2599
Email: benton.peterson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Darrell C. Valdez**
DOJ–USAO
Patrick Henry Building
601 D Street, N.W.
Washington, DC 20530
(202) 252–2507
Email: darrell.valdez@usdoj.gov
*TERMINATED: 02/06/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wynne Patrick Kelly**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252–2545
Fax: (202) 252–2599
Email: wynne.p.kelly@usdoj.gov
*TERMINATED: 02/07/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/22/2017 | 1 | COMPLAINT against TATA CONSULTANCY SERVICES, LTD ( Filing fee $ 400, receipt number 4616088256) with Jury Demand filed by ANIL KINI. (Attachments: # 1 Civil Cover Sheet)(ztd) (Entered: 11/28/2017) |
| 08/24/2022 | 15 | NOTICE OF ELECTION TO DECLINE INTERVENTION by UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order)(znmw) (Entered: 08/25/2022) |
| 08/29/2022 | 16 | ORDER: Unsealing the 1 *Complaint* and 15 the *Governments Notice of Election to Decline Intervention*. All other documents shall remain sealed. Copies of the parties filings must be sent to the Government, and written consent of the Government is required for further dismissal or settlement. See Order for further details. Signed by Judge Tanya S. Chutkan on 08/29/2022. Counsel have been notified email.(tb) (Entered: 09/01/2022) |
| 09/09/2022 | | ***Case Unsealed pursuant to Order filed 08/29/2022 (zjm) (Entered: 09/09/2022) |
| 09/22/2022 | 17 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. TATA CONSULTANCY SERVICES, LTD served on 9/21/2022, answer due 10/12/2022 (Low, Daniel) (Entered: 09/22/2022) |
| 10/12/2022 | 18 | NOTICE of Appearance by Jessica A. Lutkenhaus on behalf of TATA CONSULTANCY SERVICES, LTD (Lutkenhaus, Jessica) (Entered: 10/12/2022) |
| 10/12/2022 | 19 | Unopposed MOTION for Extension of Time to *Answer, Move, or Otherwise Respond to Plaintiff's Complaint* by TATA CONSULTANCY SERVICES, LTD. (Attachments: # 1 Text of Proposed Order)(Lutkenhaus, Jessica) (Entered: 10/12/2022) |
| 10/13/2022 | | MINUTE ORDER: Defendant's 19 Unopposed Motion for Extension of Time to Answer the Complaint is hereby GRANTED. It is ORDERED that Plaintiff shall have until 10/14/2022 to file an Amended Complaint. Further, it is ORDERED that Defendant shall have until 11/18/2022 to respond to Plaintiff's Complaint or Amended Complaint. Signed by Judge Tanya S. Chutkan on 10/13/2022. (lcja) (Entered: 10/13/2022) |
| 10/13/2022 | | Set/Reset Deadlines: Plaintiff shall have until 10/14/2022 to file an Amended Complaint. Defendant shall have until 11/18/2022 to respond to either Plaintiff's Complaint or Amended Complaint. (jth) (Entered: 10/13/2022) |
| 10/14/2022 | 20 | STRICKEN FROM THE RECORD PURSUANT TO ORDER 38 .....AMENDED COMPLAINT *(First)* against TATA CONSULTANCY SERVICES, LTD with Jury Demand filed by ANIL KINI. (Attachments: # 1 Exhibit 1 – USCIS H–1B Approval Excerpt, # 2 Exhibit 2 – Placeholder for October 31, 2017 Email, # 3 Exhibit 3 – Placeholder for November 1, 2017 Chat Conversation, # 4 Exhibit 4 – USCIS L–1 Approval Excerpt, # 5 Exhibit 5 – Placeholder for BFS Huddle Details, # 6 Exhibit 6 – Placeholder for Screenshot of BFS Huddle Details, # 7 Exhibit 7 – Placeholder for April 12, 2017 Email, # 8 Exhibit 8 – Placeholder for March 21, 2017 Email, # 9 Exhibit 9 – Placeholder for April 13, 2017 Email, # 10 Exhibit 10 – Placeholder for June 23, 2017 Email, # 11 Exhibit 11 – Placeholder for March 22, 2017 Email, # 12 Exhibit 12 – Placeholder for May 11, 2017 Email, # 13 Exhibit 13 – Placeholder for Spreadsheet of Denver Team Roles, # 14 Exhibit 14 – Placeholder for Whistle Blower Report, # 15 Exhibit 15 – Placeholder for Follow–up to Whistle Blower Report, # 16 Exhibit 16 – Placeholder for Document of Evidences, # 17 Exhibit 17 – Placeholder |

| | | |
|---|---|---|
| | | for Second Document of Evidences, # 18 Exhibit 18 – Placeholder for May to September 2017 Email Chain, # 19 Exhibit 19 – Placeholder for December 1, 2017 Email, # 20 Exhibit 20 – Placeholder for July to August 2018 Email Chain, # 21 Exhibit 21 – Placeholder for November 30, 2017 Meeting Minutes, # 22 Exhibit 22 – Placeholder for Jan. 2, 2018 Follow–up Whistle Blower Complaint, # 23 Exhibit 23 – Placeholder for November 27, 2017 Email, # 24 Exhibit 24 – Placeholder for December 2018 Email Chain, # 25 Exhibit 25 – Placeholder for October 2017 to January 2018 Email Chain, # 26 Exhibit 26 – Placeholder for Another Follow–up Whistle Blower Complaint, # 27 Exhibit 27 – Placeholder for January 8, 2018 Email, # 28 Exhibit 28 – Placeholder for January 2018 Email Chain, # 29 Exhibit 29 – Placeholder for October to December 2017 Email Chain, # 30 Exhibit 30 – Placeholder for July to September 2017 Email Chain, # 31 Exhibit 31 – Placeholder for August 2018 Email Chain, # 32 Exhibit 32 – Placeholder for Kini Annual Appraisal, # 33 Exhibit 33 – Placeholder for June 22, 2017 Email, # 34 Exhibit 34 – Placeholder for October 6, 2017 Email, # 35 Exhibit 35 – Placeholder for August 30, 2017 Email, # 36 Exhibit 36 – Placeholder for September 17, 2017 Email, # 37 Exhibit 37 – Placeholder for July 6, 2017 Email, # 38 Exhibit 38 – Placeholder for September 14, 2017 Email, # 39 Exhibit 39 – Placeholder for September 13 & 14, 2017 Email, # 40 Exhibit 40 – Placeholder for August 7, 2017 Email, # 41 Exhibit 41 – Placeholder for January 2018 Email Chain, # 42 Exhibit 42 – Placeholder for May 2018 Email Chain, # 43 Exhibit 43 – Placeholder for May to July 2018 Email Chain, # 44 Exhibit 44 – Placeholder for August 2018 Email Chain, # 45 Exhibit 45 – Placeholder for August 2018 Email Chain, # 46 Exhibit 46 – Placeholder for Termination Letter, # 47 Exhibit 47 – Placeholder for August 2018 Email Chain, # 48 Exhibit 48 – Placeholder for August 2018 Email Chain, # 49 Exhibit 49 – Placeholder for Deputation Agreement)(Low, Daniel) Modified on 2/1/2023 (tb). (Entered: 10/14/2022) |
| 10/14/2022 | 21 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ANIL KINI (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit First Amended Complaint, # 2 Exhibit 2 – October 31, 2017 Email, # 3 Exhibit 3 – November 1, 2017 Chat Conversation, # 4 Exhibit 5 – BFS Huddle Details, # 5 Exhibit 6 – Screenshot of BFS Huddle Details, # 6 Exhibit 7 – April 12, 2017 Email, # 7 Exhibit 8 – March 21, 2017 Email, # 8 Exhibit 9 – April 13, 2017 Email, # 9 Exhibit 10 – June 23, 2017 Email, # 10 Exhibit 11 – March 22, 2017 Email, # 11 Exhibit 12 – May 11, 2017 Email, # 12 Exhibit 13 – Spreadsheet of Denver Team Roles, # 13 Exhibit 14 – Whistle Blower Report, # 14 Exhibit 15 – Follow–up to Whistle Blower Report, # 15 Exhibit 16 – Document of Evidences, # 16 Exhibit 17 – Second Document of Evidences, # 17 Exhibit 18 – May to September 2017 Email Chain, # 18 Exhibit 19 – December 1, 2017 Email, # 19 Exhibit 20 – July to August 2018 Email Chain, # 20 Exhibit 21 – November 30, 2017 Meeting Minutes, # 21 Exhibit 22 – Jan. 2, 2018 Follow–up Whistle Blower Complaint, # 22 Exhibit 23 – November 27, 2017 Email, # 23 Exhibit 24 – December 2017 Email Chain, # 24 Exhibit 25 – October 2017 to January 2018 Email Chain, # 25 Exhibit 26 – Another Follow–up Whistle Blower Complaint, # 26 Exhibit 27 – January 8, 2018 Email, # 27 Exhibit 28 – January 2018 Email Chain, # 28 Exhibit 29 – October to December 2017 Email Chain, # 29 Exhibit 30 – July to September 2017 Email Chain, # 30 Exhibit 31 – August 2018 Email Chain, # 31 Exhibit 32 – Kini Annual Appraisal, # 32 Exhibit 33 – June 22, 2017 Email, # 33 Exhibit 34 – October 6, 2017 Email, # 34 Exhibit 35 – August 30, 2017 Email, # 35 Exhibit 36 – September 17, 2017 Email, # 36 Exhibit 37 – July 6, 2017 Email, # 37 Exhibit 38 – September 14, 2017 Email, # 38 Exhibit 39 – September 13 & 14, 2017 Email, # 39 Exhibit 40 – August 7, 2017 Email, # 40 Exhibit 41 – January 2018 Email Chain, # 41 Exhibit 42 – May 2018 Email Chain, # 42 |

| | | Exhibit 43 – May to July 2018 Email Chain, # <u>43</u> Exhibit 44 – August 2018 Email Chain, # <u>44</u> Exhibit 45 – August 2018 Email Chain, # <u>45</u> Exhibit 46 – Termination Letter, # <u>46</u> Exhibit 47 – August 2018 Email Chain, # <u>47</u> Exhibit 48 – August 2018 Email Chain, # <u>48</u> Exhibit 49 – Deputation Agreement, # <u>49</u> Text of Proposed Order)(Low, Daniel) (Entered: 10/14/2022) |
|---|---|---|
| 11/01/2022 | <u>22</u> | NOTICE of Appearance by Lauren Nicole Moore on behalf of TATA CONSULTANCY SERVICES, LTD (Moore, Lauren) (Entered: 11/01/2022) |
| 11/02/2022 | <u>23</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Stephen A. Jonas, Filing fee $ 100, receipt number ADCDC–9643555. Fee Status: Fee Paid. by TATA CONSULTANCY SERVICES, LTD. (Attachments: # <u>1</u> Declaration of Stephen A. Jonas in Support, # <u>2</u> Certificate of Good Standing, # <u>3</u> Text of Proposed Order)(Lutkenhaus, Jessica) (Entered: 11/02/2022) |
| 11/09/2022 | | MINUTE ORDER: Denying without prejudice Defendant's <u>23</u> Motion for Leave to Appear Pro Hac Vice for failing to fully comply with Local Civil Rule 83.2(d)(6). The affiant must provide sufficient information for the court to determine whether the affiant engages in practice from an office located in the District of Columbia, notwithstanding that the affiant regularly practices from an office outside the District of Columbia. Signed by Judge Tanya S. Chutkan on 11/09/2022. (lcja) (Entered: 11/09/2022) |
| 11/10/2022 | | MINUTE ORDER: Plaintiff's <u>21</u> Motion for Leave to File Under Seal is DENIED without prejudice. Plaintiff has failed to show that the "strong presumption in favor of public access" to a complaint is overcome in this action. Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016); cf. United States ex rel. Keaveney v. SRA Int'l, Inc., 219 F. Supp. 3d 129, 141 (D.D.C. 2016) (holding that in an FCA action when "the Court [has] granted Relators leave to amend the original complaint after it had been unsealed, it would be unnecessary for the Amended Complaint to be filed under seal"). Plaintiff shall confer with Defendant and either file a renewed motion for leave to file under seal or file an unredacted version of the first amended complaint, no later than November 23, 2022. Any renewed motion should set forth with factual specificity and legal support why individual documents in the complaint should be sealed. Generalized assertions of 'sensitive business information' are likely insufficient to overcome the public right to access some 300 pages of the complaint, currently sought to be filed under seal. Signed by Judge Tanya S. Chutkan on 11/10/2022. (lcja) (Entered: 11/10/2022) |
| 11/10/2022 | | Set/Reset Deadlines: Plaintiff shall confer with Defendant and either file a renewed motion for leave to file under seal or file an unredacted version of the first amended complaint, by no later than 11/23/2022. (jth) (Entered: 11/10/2022) |
| 11/18/2022 | <u>24</u> | MOTION to Dismiss *the Amended Complaint with Prejudice* by TATA CONSULTANCY SERVICES, LTD. (Attachments: # <u>1</u> Text of Proposed Order)(Moore, Lauren) (Entered: 11/18/2022) |
| 11/23/2022 | <u>25</u> | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by TATA CONSULTANCY SERVICES, LTD (This document is SEALED and only available to authorized persons.) (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Proposed Order, # <u>3</u> First Amended Complaint (Redacted), # <u>4</u> Exhibit 2 (Redacted), # <u>5</u> Exhibit 3 (Redacted), # <u>6</u> Exhibit 5 (Redacted), # <u>7</u> Exhibit 7 (Redacted), # <u>8</u> Exhibit 8 (Redacted), # <u>9</u> Exhibit 9 (Redacted), # <u>10</u> Exhibit 10 (Redacted), # <u>11</u> Exhibit 11 (Redacted), # <u>12</u> Exhibit 12 (Redacted), # <u>13</u> Exhibit 13 (SEALED), # <u>14</u> Exhibit 14 |

| | | |
|---|---|---|
| | | (Redacted), # <u>15</u> Exhibit 15 (Redacted), # <u>16</u> Exhibit 16 (Redacted), # <u>17</u> Exhibit 17 (Redacted), # <u>18</u> Exhibit 18 (Redacted), # <u>19</u> Exhibit 20 (Redacted), # <u>20</u> Exhibit 21 (Redacted), # <u>21</u> Exhibit 22 (Redacted), # <u>22</u> Exhibit 23 (Redacted), # <u>23</u> Exhibit 24 (Redacted), # <u>24</u> Exhibit 25 (Redacted), # <u>25</u> Exhibit 26 (Redacted), # <u>26</u> Exhibit 27 (Redacted), # <u>27</u> Exhibit 28 (Redacted), # <u>28</u> Exhibit 30 (Redacted), # <u>29</u> Exhibit 33 (Redacted), # <u>30</u> Exhibit 34 (Redacted), # <u>31</u> Exhibit 35 (Redacted), # <u>32</u> Exhibit 36 (Redacted), # <u>33</u> Exhibit 37 (Redacted), # <u>34</u> Exhibit 38 (Redacted), # <u>35</u> Exhibit 39 (Redacted), # <u>36</u> Exhibit 40 (Redacted), # <u>37</u> Exhibit 41 (Redacted), # <u>38</u> Exhibit 42 (Redacted), # <u>39</u> Exhibit 43 (Redacted), # <u>40</u> Exhibit 44 (Redacted), # <u>41</u> Exhibit 45 (Redacted), # <u>42</u> Exhibit 47 (Redacted), # <u>43</u> Exhibit 48 (Redacted), # <u>44</u> Certificate of Service)(Moore, Lauren) (Entered: 11/23/2022) |
| 11/23/2022 | <u>26</u> | Joint MOTION for Extension of Time to *the Motion to Dismiss Amended Complaint Briefing Schedule* by ANIL KINI. (Attachments: # <u>1</u> Text of Proposed Order)(Low, Daniel) (Entered: 11/23/2022) |
| 11/23/2022 | <u>27</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Stephen A. Jonas, Filing fee $ 100, receipt number ADCDC–9693720. Fee Status: Fee Paid. by TATA CONSULTANCY SERVICES, LTD. (Attachments: # <u>1</u> Declaration of Stephen A. Jonas in Support, # <u>2</u> Certificate of Good Standing, # <u>3</u> Text of Proposed Order)(Lutkenhaus, Jessica) (Entered: 11/23/2022) |
| 11/28/2022 | | MINUTE ORDER: The parties' <u>26</u> Joint Motion to Extend the Motion to Dismiss Amended Complaint Briefing Schedule is hereby GRANTED. Plaintiff's Opposition to the motion to dismiss is due December 16, 2022, and Defendant's Reply is due January 6, 2023. Signed by Judge Tanya S. Chutkan on 11/28/2022. (lcja) (Entered: 11/28/2022) |
| 11/28/2022 | | Minute Order: Granting Defendant's <u>27</u> Motion for Leave to Appear Pro Hac Vice. Stephen A. Jonas is hereby admitted pro hac vice to appear in this matter on behalf of Defendant TATA CONSULTANCY SERVICES, LTD. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** <u>Click for instructions</u>. Signed by Judge Tanya S. Chutkan on 11/28/2022. (lcja) (Entered: 11/28/2022) |
| 11/28/2022 | | Set/Reset Deadlines: Response to Dispositive Motion due by 12/16/2022. Reply to Dispositive Motion due by 1/6/2023. (tb) (Entered: 11/28/2022) |
| 12/01/2022 | <u>28</u> | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ANIL KINI (This document is SEALED and only available to authorized persons.) (Attachments: # <u>1</u> Relator's Response to TCS's Motion to Seal (Dkt. 25), # <u>2</u> Text of Proposed Order)(Low, Daniel) (Entered: 12/01/2022) |
| 12/01/2022 | | MINUTE ORDER: Relator's <u>28</u> Motion for Leave to File Document Under Seal is hereby GRANTED. Given that Relator is responding to Defendant's <u>25</u> Motion for Leave to File Document Under Seal and the court has not yet ruled on that motion, Relator's Response will remain sealed at least until the court has ruled on the prior motion. It is further ORDERED that Defendant has leave to file a reply, in support of its <u>25</u> motion, temporarily under seal. Defendant's Reply is due no later than December 8, 2022. When the court rules on Defendant's <u>25</u> Motion, it will also revisit whether and to what extent Relator's Response and Defendant's Reply shall remain under seal. Signed by Judge Tanya S. Chutkan on 12/01/2022. (lcja) (Entered: 12/01/2022) |
| 12/01/2022 | <u>29</u> | SEALED OPPOSITION filed by ANIL KINI re <u>25</u> Sealed Motion for Leave to File Document Under Seal. (zjm) (Entered: 12/06/2022) |

| 12/07/2022 | 30 | NOTICE of Appearance by Stephen A. Jonas on behalf of TATA CONSULTANCY SERVICES, LTD (Jonas, Stephen) (Entered: 12/07/2022) |
|---|---|---|
| 12/08/2022 | 31 | SEALED REPLY TO OPPOSITION filed by TATA CONSULTANCY SERVICES, LTD re 25 Sealed Motion for Leave to File Document Under Seal,,,,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 First Amended Complaint (Redacted), # 2 Exhibit 2 (Redacted), # 3 Exhibit 3 (Redacted), # 4 Exhibit 5 (Redacted), # 5 Exhibit 7 (Redacted), # 6 Exhibit 8 (Redacted), # 7 Exhibit 9 (Redacted), # 8 Exhibit 10 (Redacted), # 9 Exhibit 11 (Redacted), # 10 Exhibit 12 (Redacted), # 11 Exhibit 13 (Redacted), # 12 Exhibit 14 (Redacted), # 13 Exhibit 15 (Redacted), # 14 Exhibit 16 (Redacted), # 15 Exhibit 17 (Redacted), # 16 Exhibit 18 (Redacted), # 17 Exhibit 20 (Redacted), # 18 Exhibit 21 (Redacted), # 19 Exhibit 22 (Redacted), # 20 Exhibit 23 (Redacted), # 21 Exhibit 24 (Redacted), # 22 Exhibit 25 (Redacted), # 23 Exhibit 26 (Redacted), # 24 Exhibit 27 (Redacted), # 25 Exhibit 28 (Redacted), # 26 Exhibit 30 (Redacted), # 27 Exhibit 33 (Redacted), # 28 Exhibit 34 (Redacted), # 29 Exhibit 35 (Redacted), # 30 Exhibit 36 (Redacted), # 31 Exhibit 37 (Redacted), # 32 Exhibit 38 (Redacted), # 33 Exhibit 39 (Redacted), # 34 Exhibit 40 (Redacted), # 35 Exhibit 41 (Redacted), # 36 Exhibit 42 (Redacted), # 37 Exhibit 43 (Redacted), # 38 Exhibit 44 (Redacted), # 39 Exhibit 45 (Redacted), # 40 Exhibit 47 (Redacted), # 41 Exhibit 48 (Redacted), # 42 Certificate of Service)(Moore, Lauren) (Entered: 12/08/2022) |
| 12/16/2022 | 32 | Memorandum in opposition to re 24 Motion to Dismiss filed by ANIL KINI. (Attachments: # 1 Exhibit ALJ Determination Letter)(Low, Daniel) (Entered: 12/16/2022) |
| 01/06/2023 | 33 | REPLY re 24 MOTION to Dismiss *the Amended Complaint with Prejudice* filed by TATA CONSULTANCY SERVICES, LTD. (Moore, Lauren) Modified on 1/10/2023 to correct event(zjm). (Entered: 01/06/2023) |
| 01/20/2023 | 34 | MOTION for Leave to File *Sur–Reply in Futher Opposition to Motion to Dismiss* by ANIL KINI. (Attachments: # 1 Exhibit Proposed Sur–Reply, # 2 Exhibit US v. Infosys – Complaint, # 3 Exhibit US v. Infosys – Settlement Agreement)(Low, Daniel) (Entered: 01/20/2023) |
| 01/23/2023 | | NOTICE of Provisional/Government Not Certified Status re 34 MOTION for Leave to File *Sur–Reply in Futher Opposition to Motion to Dismiss* by ANIL KINI. (Attachments: # 1 Exhibit Proposed Sur–Reply, # 2 Exhibit US v. Infosys – Complaint, # 3 Exhibit US v. Infosys – Settlement Agreement)(Low, Daniel).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 1/30/2023. (zbaj) (Entered: 01/23/2023) |
| 01/26/2023 | 35 | NOTICE of Change of Address by Lauren Nicole Moore (Moore, Lauren) (Entered: 01/26/2023) |

| 01/27/2023 | 36 | NOTICE *of Attorney Renewal* by ANIL KINI re Notice of Provisional/Government Not Certified Status,,, (Attachments: # 1 Exhibit 1 – D. Low Proof of Attorney Renewal, # 2 Exhibit Motion for Leave to File Sur–Reply (Dkt. 34), # 3 Exhibit Proposed Sur–Reply, # 4 Exhibit 2 to Sur–Reply – US v. Infosys – Complaint, # 5 Exhibit 3 to Sur–Reply – US v. Infosys – Settlement Agreement)(Low, Daniel) (Entered: 01/27/2023) |
|---|---|---|
| 01/31/2023 | 37 | Memorandum in opposition to re 34 Motion for Leave to File, filed by TATA CONSULTANCY SERVICES, LTD. (Attachments: # 1 Text of Proposed Order)(Moore, Lauren) (Entered: 01/31/2023) |
| 01/31/2023 | 38 | Order granting in part and denying in part Defendant's 25 Motion for Leave to File Under Seal. Plaintiff–Relator SHALL file his Amended Complaint with redactions consistent with this Order. The Clerk of the Court is directed to STRIKE the Amended Complaint, ECF No. 20, from the docket. (See Order for further details). Signed by Judge Tanya S. Chutkan on 1/31/2023. (lcja) (Entered: 01/31/2023) |
| 02/06/2023 | 39 | NOTICE OF FILING REDACTED DOCUMENT to 38 Order on Sealed Motion for Leave to File Document Under Seal, – *Notice of Filing First Amended Complaint in Redacted Form Pursuant to Court Order* by ANIL KINI (Attachments: # 1 First Amended Complaint (redacted), # 2 Exhibit 1, # 3 Exhibit 2 (redacted), # 4 Exhibit 3 (redacted), # 5 Exhibit 4, # 6 Exhibit 5 (redacted), # 7 Exhibit 6, # 8 Exhibit 7 (redacted), # 9 Exhibit 8 (redacted), # 10 Exhibit 9 (redacted), # 11 Exhibit 10 (redacted), # 12 Exhibit 11 (redacted), # 13 Exhibit 12 (redacted), # 14 Exhibit 13 (redacted), # 15 Exhibit 14 (redacted), # 16 Exhibit 15 (redacted), # 17 Exhibit 16 (redacted), # 18 Exhibit 17 (redacted), # 19 Exhibit 18 (redacted), # 20 Exhibit 19, # 21 Exhibit 20 (redacted), # 22 Exhibit 21 (redacted), # 23 Exhibit 22 (redacted), # 24 Exhibit 23 (redacted), # 25 Exhibit 24 (redacted), # 26 Exhibit 25 (redacted), # 27 Exhibit 26 (redacted), # 28 Exhibit 27 (redacted), # 29 Exhibit 28 (redacted), # 30 Exhibit 29, # 31 Exhibit 30 (redacted), # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33 (redacted), # 35 Exhibit 34 (redacted), # 36 Exhibit 35 (redacted), # 37 Exhibit 36 (redacted), # 38 Exhibit 37 (redacted), # 39 Exhibit 38 (redacted), # 40 Exhibit 39 (redacted), # 41 Exhibit 40 (redacted), # 42 Exhibit 41 (redacted), # 43 Exhibit 42 (redacted), # 44 Exhibit 43 (redacted), # 45 Exhibit 44 (redacted), # 46 Exhibit 45 (redacted), # 47 Exhibit 46, # 48 Exhibit 47 (redacted), # 49 Exhibit 48 (redacted), # 50 Exhibit 49)(Low, Daniel) (Entered: 02/06/2023) |
| 02/06/2023 | 40 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Darrell C. Valdez terminated. (Valdez, Darrell) (Entered: 02/06/2023) |
| 02/07/2023 | 41 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Wynne Patrick Kelly terminated. (Peterson, Benton) (Entered: 02/07/2023) |
| 02/13/2023 | | MINUTE ORDER: Plaintiff–Relator's 34 Motion for Leave to File a Sur–Reply is hereby DENIED. In this District, sur–replies are "disfavored" and are permitted "only when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading." *Stevens v. Sodexo, Inc.*, 846 F. Supp. 2d 119, 130 (D.D.C. 2012) (internal quotation marks and citation omitted). Further, a sur–reply must "be helpful to the resolution of the pending motion." *Glass v. Lahood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011). Contrary to Plaintiff–Realtor's argument, Defendant's reply brief did not argue that "a portion of Relator's claims are barred by 26 U.S.C. § 7401," ECF No. 34 at 2; instead, it merely referenced § 7401 in its reply to support a broader |

| | | |
|---|---|---|
| | | argument that Plaintiff–Realtor's claim is barred by the FCA's Tax Bar, *see* ECF No. 32 at 17–18. Accordingly, no further briefing is needed from either party, and the Court will rule on Defendant's motion to dismiss in due course. Signed by Judge Tanya S. Chutkan on 2/13/2023. (lcja) (Entered: 02/13/2023) |
| 02/13/2023 | 42 | NOTICE OF WITHDRAWAL OF APPEARANCE as to TATA CONSULTANCY SERVICES, LTD. Attorney Stephen A. Jonas terminated. (Jonas, Stephen) (Entered: 02/13/2023) |
| 02/24/2023 | 43 | NOTICE of Appearance by Howard M. Shapiro on behalf of TATA CONSULTANCY SERVICES, LTD (Shapiro, Howard) (Entered: 02/24/2023) |
| 04/11/2023 | 44 | NOTICE *of Filing U.S. Department of Justice Press Release Announcing Settlement of Similar Reverse–FCA Claims Against Tata Competitor* by ANIL KINI (Attachments: # 1 Exhibit 1 – DOJ Press Release)(Low, Daniel) (Entered: 04/11/2023) |
| 04/13/2023 | 45 | RESPONSE re 44 *to Relator's Notice of Filing* filed by TATA CONSULTANCY SERVICES, LTD. (Moore, Lauren) Modified on 4/17/2023 to add docket link (zjm). (Entered: 04/13/2023) |
| 02/02/2024 | 46 | NOTICE OF WITHDRAWAL OF APPEARANCE as to TATA CONSULTANCY SERVICES, LTD. Attorney Jessica A. Lutkenhaus terminated. (Lutkenhaus, Jessica) (Entered: 02/02/2024) |
| 02/07/2024 | 47 | MEMORANDUM OPINION re 24 Motion to Dismiss. Signed by Judge Tanya S. Chutkan on 2/7/24. (lce) (Entered: 02/07/2024) |
| 02/07/2024 | 48 | ORDER: GRANTING 24 Motion to Dismiss. Signed by Judge Tanya S. Chutkan on 2/7/24. (lce) (Entered: 02/07/2024) |
| 03/07/2024 | 49 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 47 Memorandum & Opinion, 48 Order on Motion to Dismiss by ANIL KINI. Filing fee $ 605, receipt number ADCDC–10740851. Fee Status: Fee Paid. Parties have been notified. (Low, Daniel) (Entered: 03/07/2024) |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COLUMBIA

ANIL KINI, on behalf of THE UNITED
STATES OF AMERICA,

                            Plaintiffs,

       v.

TATA CONSULTANCY SERVICES, LTD.,

                        Defendant.

Civil Action No. 1:17-cv-02526-TSC

## NOTICE OF APPEAL

Pursuant to Fed. R. App. 3(a), notice is hereby given that Relator Anil Kini appeals to the United States Court of Appeals for the DC Circuit from this Court's February 7, 2024 Opinion and Order (ECF Nos. 47-48) dismissing Relator's Complaint.


Dated: March 7, 2024

                      /s/Daniel L. Low
                      *Attorney for Relator*

                      Daniel L. Low (DC Bar #480910)
                      KOTCHEN & LOW LLP
                      1918 New Hampshire Ave. NW
                      Washington, DC 20009
                      (202) 471-1995
                      (202) 280-1128 (Fax)
                      dlow@kotchen.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.


DATED:  March 7, 2024                               By: <u>/s/ Daniel Low</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ANIL KINI, <br><br> Plaintiff, <br><br> v. <br><br> TATA CONSULTANCY SERVICES, LTD., <br><br> Defendant. | Civil Action No. 17-cv-2526 (TSC) |

## <u>ORDER</u>

For the reasons set forth in the accompanying Memorandum Opinion, ECF No. 47,

Defendant's Motion to Dismiss, ECF No. 24, is hereby GRANTED.


Date: February 7, 2024


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ANIL KINI, | |
| Plaintiff, | |
| v. | Civil Action No. 17-cv-2526 (TSC) |
| TATA CONSULTANCY SERVICES, LTD., | |
| Defendant. | |

## MEMORANDUM OPINION

Relator Anil Kini filed this action against Tata Consultancy Services, alleging that Defendant violated the False Claims Act ("FCA") by failing to obtain H-1B visas for, and pay the proper H-1B wage rate to, employees who were engaged in H-1B visa work, as well as retaliating against Relator for investigating the scheme. Relator's allegations, however, do not state a claim for relief because Defendant was not obligated, within the meaning of the FCA, to pay higher payroll taxes for its employees or pay application fees for applications it never sought. Relator, in turn, was not engaged in an investigation that could reasonably lead to a FCA case, and therefore failed to state a retaliation claim as well.

Thus, having considered the record and the parties' briefing, the court will GRANT Defendant's Motion to Dismiss, ECF No. 24.

### I.       BACKGROUND

Relator Anil Kini is a U.S. permanent resident who worked for Defendant for over a decade. Am. Compl., ECF No. 39-1, ¶¶ 4, 29–30. Relator initially worked for Defendant in India, but in 2012, was relocated to the United States on an L-1A visa to serve as a consultant

and was eventually promoted to Business Relationship Manager. *Id.* ¶¶ 29, 31. Defendant is a multinational corporation that provides IT-related services headquartered in India with 22 offices in the United States. *Id.* ¶¶ 5, 12. Most of Defendant's U.S.-based workers have H-1B, L-1 or B-1 visas. *Id.* ¶¶ 11, 14. H-1B visas are for foreign workers in specialty occupations requiring theoretical or technical expertise, *id.* ¶ 15, L-1 visas are for management-level employees and subject matter experts, *id.* ¶ 22, and B-1 visas are for consulting with business associates, traveling for business meetings and conventions, and other temporary business activities, *id.* ¶ 26.

To apply for an H-1B visa, an employer must submit a Labor Condition Application ("LCA"), attesting that the job actually exists and that it will pay the employee a required wage rate, *id.* ¶ 17, and pay application fees of approximately $6,460 per visa, *id.* ¶ 21. Because H-1B visas are limited and highly sought after, companies must compete for them through a lottery system. *Id.* ¶ 19. L-1 visas are not similarly capped and an application for an L-1 visa costs approximately $1,000 less than an H-1B visa. *Id.* ¶¶ 23, 25.

Relator alleges that Defendant engages in two related fraudulent schemes. First, to quickly staff "cheap visa employees" in U.S. jobs, Defendant "submits far more petitions for H-1B visas than it has open positions" to maximize its chances of securing the highest number of visas through the lottery system, *id.* ¶ 34, and then "pays these workers less than the required wage, in violation of the U.S. visa laws," *id.* ¶ 36. Consequently, Defendant pays significantly lower payroll taxes to the U.S. government than it would have to if it paid its H-1B visa employees at the proper rate. *Id.* ¶ 44, 89.

Second, Defendant "improperly secures" L-1 and B-1 visas for IT employees working in non-managerial roles and positions that do not require specialized knowledge of the company.

*Id.* ¶¶ 45, 60.  Put another way, Defendant uses L-1 and B-1 visas—which are easier to obtain—

for employees that require harder to obtain H-1B visas.  To do so, Defendant "falsifies

individuals' job titles and work responsibilities" on their visa applications, *id.* ¶ 45, and takes

steps to mask its deception from United States Customs and Immigration Services during visits,

*id.* ¶ 48.  Relator alleges that this scheme wrongfully deprives the government "of significant

visa application fees," because L-1 and B-1 visas fees are less expensive than H-1B visas.  *Id.*

¶¶ 59, 61, 90.

On May 1, 2017, Relator submitted an initial whistleblower report to Defendant's CEO

detailing the fraudulent visa practices.  *Id.* ¶ 63.  Over the course of the next year, Relator

submitted three follow-up reports and discussed his reports with an independent investigator

Defendant retained to assist in verifying the allegations.  *Id.* ¶¶ 64–72.  Relator alleges that

Defendant retaliated against him starting on May 1, 2017, by cutting his pay, stalling his

promotion, removing him from projects, and eventually terminating him.  *Id.* ¶¶ 73–81.

Relator filed the initial Complaint under seal on November 22, 2017.  *See* Compl., ECF

No. 1.  The United States declined to intervene.  *See* Notice of Election to Decline Intervention,

ECF No. 15.  Accordingly, the court unsealed the Complaint.  Order, ECF No. 16.  While

awaiting the United States' decision on intervention, Relator was terminated from his position.

Am. Compl. ¶ 30.  He therefore filed an Amended Complaint, *see* ECF No. 39-1.

In the Amended Complaint, Relator alleges two violations of the FCA: (1) that Defendant

falsely attested and falsified wage information in LCAs for H-1B visas and fraudulently applied

for cheaper L-1 and B-1 visas for work it knew required an H-1B visa, thus decreasing its payroll

tax obligation, underpaying H-1B visa employees, and fraudulently directing employees to

perform work that required an H-1B visa who did not have that visa, in violation of 31 U.S.C.

§ 3729; and (2) that Defendant retaliated against Relator for reporting its fraudulent conduct and refusing to participate in subsequent acts of visa fraud, in violation of 31 U.S.C. § 3730(h).  Am. Compl. ¶¶ 97–106.  Defendant moved to dismiss, ECF No. 24.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 9(b)

A plaintiff alleging fraud "must state with particularity the circumstances constituting" the fraud.  Fed. R. Civ. P. 9(b).  To plead fraud with particularity, the plaintiff must "set[] forth in sufficient detail the time, place, and manner" of the fraudulent scheme, *U.S. ex rel. Heath v. AT&T, Inc.*, 791 F.3d 112, 123 (D.C. Cir. 2015), including "who precisely was involved in the fraudulent activity," *U.S. ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1257 (D.C. Cir. 2004).  If the plaintiff fails to plead fraud with particularity, the court will dismiss the claim.  *See, e.g.*, *id.* at 1256–59 (affirming dismissal of fraud claim under the FCA pursuant to Federal Rule of Civil Procedure 9(b) where the plaintiff failed to plead fraud with particularity).

### B.   Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  In other words, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).

In deciding a motion to dismiss, the court presumes the truth of the factual allegations in the complaint and affords the plaintiff "every favorable inference that may be drawn from the allegations of fact."  *Laughlin v. Holder*, 923 F. Supp. 2d 204, 208–09 (D.D.C. 2013) (citing

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  The court does not, however, "accept as true 'a legal conclusion couched as a factual allegation,' nor inferences that are unsupported by the facts set out in the complaint."  *Id.* at 209 (citation omitted).

### III.   ANALYSIS

### A.   Count One

Count One alleges that Defendant falsely attested and falsified wage information in LCAs for H-1B visas and fraudulently applied for cheaper L-1 and B-1 visas for work it knew required an H-1B visa, thus decreasing its payroll tax obligation, underpaying H-1B visa employees, and fraudulently directing employees without H-1B visas to perform work that required an H-1B visa, in violation of 31 U.S.C. § 3729 (a "reverse false claim").  Am. Compl. ¶¶ 97–101.

#### i.   *Pleading requirements for a reverse false claim*

The FCA punishes any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government."  31 U.S.C. § 3729(a)(1)(G).  A "reverse false claim is any fraudulent conduct that results in no payment to the government when a payment is obligated."  *U.S. ex rel. Scott v. Pac. Architects & Eng'rs*, 270 F. Supp. 3d 146, 155 (D.D.C. 2017) (citation omitted).  As relevant here, to state a reverse false claim, the relator must allege with particularity that the defendant's actions affected an "obligation" to pay or transmit money or property to the government.  *See* 31 U.S.C. § 3729(a)(1)(G); Fed. R. Civ. P. 9(b).

The FCA defines the term "obligation" as "an established duty, whether or not fixed, arising from an express or implied contractual, grantor-grantee, or licensor-licensee relationship, from a fee-based or similar relationship, from statute or regulation, or from the retention of any

overpayment." 31 U.S.C. § 3729(b)(3). In construing this definition, the D.C. Circuit has held

that "an unassessed potential penalty for regulatory noncompliance does not constitute an

obligation that gives rise to a viable FCA claim." *Hoyte v. Am. Nat'l Red Cross*, 518 F.3d 61, 67

(D.C. Cir. 2008); *accord U.S. ex rel. Schneider v. JPMorgan Chase Bank*, 878 F.3d 309, 315

(D.C. Cir. 2017) (potential exposure to penalties is not an "obligation"). Nor does the

government's ability to pursue reimbursement for overpayments or fraudulently induced

payments. *U.S. ex rel. Morsell v. NortonLifeLock, Inc.*, 651 F. Supp. 3d 95, 189–90 (D.D.C.

2023).

      The FCA, moreover, "does not apply to claims, records, or statements made under the

Internal Revenue Code." 31 U.S.C. § 3729(d). The Second Circuit applies this "tax bar"

provision to a FCA claim if the "case depends entirely on a purported violation of the Tax Code"

and "the IRS has authority to recover the precise amounts [the plaintiff] is seeking." *U.S. ex rel.

Lissack v. Sakura Glob. Cap. Mkts., Inc.*, 377 F.3d 145, 153 (2d Cir. 2004). That test is in

keeping with the tax bar's intent to "reserve[] discretion to prosecute tax violations to the IRS

and bar[] FCA actions based on tax violations." *Id.* at 152–53 (citations omitted). Defendant

argues that courts in this district have adopted a broader reading of the tax bar than the Second

Circuit, but that is not the case. *See* Def.'s Mot. to Dismiss, ECF No. 24 at 19 ("Motion").

Rather, courts in this district have merely recognized that obligations to pay taxes arising from

the Internal Revenue Code cannot support a viable FCA claim. *See, e.g.*, *Canen v. Wells Fargo

Bank, N.A.*, 118 F. Supp. 3d 164, 170 (D.D.C. 2018) (citing 31 U.S.C. § 3729(d)); *accord

Ananiev v. Freitas*, 37 F. Supp. 3d 297, 307 (D.D.C. 2014). Although its decision is not binding,

the Second Circuit's test for determining whether the tax bar provision applies is well-founded,

and the court finds it persuasive.

ii.    *Relator failed to plead a reverse false claim with particularity*

Relator claims that Defendant "falsely attested and falsified wage information in LCAs for H-1B visas," "wrongfully decreased its obligation to pay the U.S. government payroll taxes by fraudulently and unlawfully underpaying H-1B visa employees," and "decreased its obligation to pay H-1B visa application[] fees by fraudulently applying for cheaper" visas and for H-1B visa work.  Am. Compl. ¶¶ 98–99.  Those claims fail because Defendant did not have an "obligation" under the FCA to pay its employees higher wages.  Accordingly, the court need not reach the issue of whether Relator properly alleged that Defendant acted "knowingly."

The D.C. Circuit has clearly stated that "an unassessed potential penalty for regulatory noncompliance does not constitute an obligation that gives rise to a viable FCA claim."  *Hoyte*, 518 F.3d at 67.  Thus, even though Relator alleges that Defendant took unlawful actions— underpaying employees and failing to obtain the proper visa for those employees—those actions are regulatory violations that may give rise to potential penalties, not "established dut[ies]."  31 U.S.C. § 3729(b)(3).  As in *Hoyte*, Defendant did not have "an obligation to pay or transmit money to the Government," but rather, engaged in "mere regulatory noncompliance."  518 F.3d at 68.

Relator's arguments to the contrary are unpersuasive.  First, he argues that unassessed penalties are "obligations" under the FCA if their assessment do not require the exercise of government discretion.  Relator's Opp'n to Def.'s Mot. to Dismiss, ECF No. 32 at 16–18 ("Opp'n").  But that argument is inconsistent with *Hoyte,* which emphasized the need for a present "obligation to pay or transmit money" to the government.  518 F.3d at 68.  Nor does Relator's argument that unassessed penalties can be "obligations" if they do not involve government discretion align with the FCA's purpose.  As the D.C. Circuit has recognized, a 2009

Page **7** of **14**

amendment to the FCA "modified its language to require that an obligation be 'established,'" thus confirming that "unassessed" penalties do not give "rise to a viable FCA claim." *Schneider*, 878 F.3d at 315 (citations omitted).  And as the Supreme Court has explained, the FCA is not a "vehicle for punishing garden-variety . . . regulatory violations." *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176, 194 (2016).  Extending an "obligation" under the FCA to non-discretionary fees, fines, or penalties would undermine the purpose of the 2009 amendment and render "garden-variety" regulatory violations FCA cases.

Second, Relator contends that Defendant owed a payroll tax obligation because although it owed and paid these taxes, it underpaid them.  Opp'n at 18–19.  But Relator does not allege that Defendant's payroll tax contribution did not accord with the wages it paid its employees.  *See* Am. Compl. ¶ 89 ("[B]y fraudulently certifying and failing to pay its H-1B employees the required wage rate, [Defendant] has reduced the amount of federal payroll tax it otherwise would have been required to pay the federal government."); Opp'n at 35–40 (explaining that Defendant did not violate the Tax Code, but rather, underpaid its employees, indirectly resulting in tax underpayment).  Thus, any obligation to pay higher payroll taxes was contingent on Defendant paying its employees at higher rates.  At bottom, Relator's claim is that Defendant violated immigration laws by failing to pay its employees at the required H-1B visa rate; not that Defendant engaged in a fraudulent scheme to underpay the government in violation of the FCA.

Finally, Relator argues that Defendant had an "obligation" to apply for H-1B visas, and thus, had an obligation to pay the fees for those applications.  Opp'n at 20–28 (citing *U.S. ex rel. Bahrani v. Conagra, Inc.*, 465 F.3d 1189 (10th Cir. 2006); *Franchitti v. Cognizant Tech. Sols. Corp.*, 555 F. Supp. 3d 63 (D.N.J. 2021)).  Once again, Relator's theory is too attenuated.  "The lesson of *Hoyte* is that, in the absence of acknowledged liability, whether an 'obligation' exists

depends entirely on what the relevant legal instrument . . . requires a party to do" in a "self-executing" manner.  *U.S. ex rel. Landis v. Tailwind Sports Corp.*, 160 F. Supp. 3d 253, 272 (D.D.C. 2016).  In other words, had Defendant applied for H-1B visas, regulations would have created an obligation for it to pay the application fees.  But here, Defendant did not owe application fees because it did not apply for H-1B visas; it applied for L-1 and B-1 visas.

*Conagra* and *Franchitti* do not tip the balance in Relator's favor.  First, *Conagra* is distinguishable.  The Tenth Circuit there held that the defendant had an "obligation" to pay fees for replacement certificates once the government determined its original certificates contained major errors and that replacement certificates would be necessary.  465 F.3d at 1202–03.  Here, in contrast, the government did not determine that Defendant needed to apply for H-1B visas rather than L-1 or B-1 visas.  In any event, to the extent that *Conagra* held that application fees are "obliged" for certificates the defendant did not apply for, "*Conagra*" is "flatly inconsistent with the D.C. Circuit's reasoning in *Hoyte*."  *Landis*, 160 F. Supp. 3d at 272.

*Franchitti* is likewise unpersuasive.  In that case, the District of New Jersey held that there was "implied contractual" relationship between the government and the defendant because the defendant "desired" an H-1B visa, despite obtaining L-1 and B-1 visas instead, and thus was required to "pay the appropriate fee for" the H-1B visa.  555 F. Supp. 3d at 71.  But the notion that Defendant "desired" H-1B visas rests on a legal fiction, not Relator's allegations.   Relator did not allege that Defendant sought H-1B visas or hoped to receive H-1B visas when it applied for L-1 and B-1 visas.  Rather, Relator alleged that Defendant sought and received L-1 and B-1 visas where, according to statutes and regulations, Defendant should have instead sought H-1B visas.  Those allegations do not support a conclusion that Defendant here "desired" H-1B visas. Indeed, *Franchitti* reached a different conclusion than *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d

293, 940 (N.D. Cal. 2019), which also addressed a similar fact pattern and held that "the obligation to pay the government only arises upon *applying* for a visa."  The court concurs with *Lesnik*.

The court, however, declines Defendant's invitation to apply the tax bar.  Defendant argues that the court should apply the FCA's tax bar provision to dismiss Relator's reverse false claim because it relates to payroll taxes.  Motion at 19–21.  That argument is unpersuasive because Relator's claim does not rest on a violation of the Tax Code and the IRS does not have authority to recover the amount Relator seeks.  *See Lissack*, 377 F.3d at 152–53.  As Relator explained, the Immigration and Nationality Act ("INA")—not the Tax Code—obliges Defendant to pay H-1B visa holders a required wage rate.  *See* Opp'n at 39.  Thus, Relator does not allege that Defendant violated the Tax Code by underpaying payroll taxes for H-1B visa employees, but rather, that Defendant underpaid H-1B visa employees, thus making its tax obligations lower than they otherwise would have been if it had complied with the INA.  And the INA's wage-requirement provision is enforced by the Secretary of Labor, not the IRS.  *See* 8 U.S.C. § 1182(n)(2)(A), (D), (G).  Consequently, the tax bar is inapplicable.

In sum, Relator failed to state a reverse false claim because, tax bar aside, he did not allege that Defendant had an "obligation" to pay higher payroll taxes or H-1B visa application fees to the government.  The court will therefore grant Defendant's motion to dismiss Count One.

## B.    Count Two

Count Two alleges that Defendant retaliated against Relator for reporting its fraudulent behavior and refusing to take part in its fraudulent acts.  Am. Compl. ¶¶ 102–06.

i.       *Stating a retaliation claim*

To state a claim for retaliation under 18 U.S.C. § 3730(h)(1), a relator must allege that

they (1) "engaged in protected activity," and (2) "experienced discrimination 'because of'" that

activity. *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 422 (D.C. Cir. 2005) (quoting 31 U.S.C.

§ 3730(h)).  "The purpose of this provision" is "to 'assure those who may be considering

exposing fraud that they are legally protected from retaliatory acts.'"  *U.S. ex rel. Yesudian v.*

*Howard Univ.*, 153 F.3d 731, 736 (D.C. Cir. 1998) (quoting S. Rep. No. 99-345 at 34 (1986)).

First, to plead engagement in protected activity, a plaintiff must allege they were

"investigating matters that reasonably could lead to a viable [FCA] case."  *Hoyte*, 518 F.3d at 66

(formatting modified).  This element "does not require the plaintiff to have developed a winning

qui tam action before he is retaliated against," but their investigation "must concern false or

fraudulent claims," not just "his employer's non-compliance with federal or state regulations."

*Yesudian*, 153 F.3d at 739–40.  This inquiry is "fact specific."  *Shekoyan*, 409 F.3d at 423

(citation omitted).

The D.C. Circuit in *Yesudian*, for example, concluded that the relator was engaged in an

investigation that reasonably could lead to a viable FCA case because he repeatedly told his

supervisors at Howard University that he had evidence of an employee falsifying time and

attendance records, providing inside information to vendors to aid them in bidding, accepting

bribes from vendors, paying vendors who did not provide services to the university, and taking

property home for personal use.  153 F.3d at 740.  Even though there was no direct evidence of

submitting false claims to the government, the court concluded that the relator would have had a

"good faith basis" to bring a FCA claim because he "knew that 80% of Howard's money came

from the United States Government."  *Id.*

By contrast, the D.C. Circuit concluded that an employee was not engaged in protected activity where the complaints he raised with his supervisor were based on being denied the use of project vehicles, not that others were engaged in fraudulent conduct by using these vehicles for personal reasons. *Shekoyan*, 409 F.3d at 423. Similarly, in *Hoyte*, the D.C. Circuit concluded that the employee's "investigation was into mere regulatory noncompliance," not false claims. 518 F.3d at 68.

Second, to plead that they experienced discrimination "because of" their protected activity, a relator must show that their "employer had knowledge" that they were "engaged in protected activity" (the intent requirement) *and* that "retaliation was motivated, at least in part, by the employee's engaging in that protected activity" (the causation requirement). *Yesudian*, 153 F.3d at 736 (formatting modified). "[T]he kind of knowledge the defendant must have" to fulfill the intent requirement "mirrors the kind of activity in which the plaintiff must be engaged." *Id.* at 742. And to fulfill the causation requirement, the relator must allege that their protected activity was a motivating factor in an adverse employment action. *See Hamilton v. Geithner*, 666 F.3d 1344, 1357 (D.C. Cir. 2012) (citing *Woodruff v. Peters*, 482 F.3d 521, 529 (D.C. Cir. 2007)) (applying the causation standard used for Title VII, the Americans with Disabilities Act, and the Rehabilitation Act to the FCA's retaliation provision).

    *ii.*       *Relator failed to state a claim for retaliation*

Relator's retaliation claim under the FCA fails because Relator was not engaged in protected activity. He alleges three instances of protected activity: (1) investigating the reports in his Complaint and reporting them to Defendant; (2) assisting his counsel in preparing the Complaint; and (3) preparing to disclose Defendant's scheme to government officials. Am. Compl. ¶ 103. But all of these activities concerned potential statutory and regulatory violations,

which do not give rise to a FCA action. *Supra* Section III.A.ii. Thus, because the conduct Relator was investigating "could not have reasonably led to a viable claim under section 3729 of the FCA," his "investigation of it was not protected activity" that could "support a retaliation claim" under § 3730. *Hoyte*, 518 F.3d at 68.

Relator claims that *Singletary v. Howard University*, 939 F.3d 287, 296 (D.C. Cir. 2019), supports his claim that he was engaged in protected activity because he had "an objectively reasonable belief that" Defendant was violating the FCA. Opp'n at 42–44. Relator's argument, however, refers to a different "prong" of the protected activity analysis than his Amended Complaint does—that is, Relator argues he was seeking to prevent future violations of the FCA, rather than investigating existing violations. *See id.*; *Singletary*, 939 F.3d at 236 (explaining that this "prong" "is met as long as the employee has an objectively reasonable belief that the employer is violating, or will violate, the False Claims Act"). Thus, the allegations in the Amended Complaint do not support the theory that Relator was trying to prevent Defendant from violating the FCA rather than investigating violations. *See* Am. Compl. ¶¶ 102–06. In any event, *Singletary* held that the relator's complaints "went far beyond grumbling about regulatory violations" because she was attempting to prevent Howard from submitting false claims of animals' conditions to the government that would be "necessary for Howard to receive and retail" federal funding. 939 F.3d at 302–03. Relator's allegations, however, do not go "far beyond" "regulatory violations." Thus, that Singletary had an "objectively reasonable belief" that her employer was violating the FCA does not say the same for Relator in this case.

In sum, Relator failed to allege that he was engaged in protected activity under the FCA. Thus, he cannot state a retaliation claim.

IV.    CONCLUSION

For the foregoing reasons, the court will GRANT Defendant's Motion to Dismiss, ECF

No. 24.  An Order will accompany this Memorandum Opinion.


Date: February 7, 2024


_Tanya S. Chutkan_
TANYA S. CHUTKAN
United States District Judge